

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. 0-2145
Re: Is each county commissioner re-
quired to vote on all matters
before the court requiring a
vote, or does he have the right
to refuse to vote or remain si-
lent? And related questions.

Your letter of March 28, 1940, requesting an opin-
ion of this Department on the following questions has been
received.

"1. Does the County Judge have a right to
vote on all matters brought before the Commis-
sioners Court requiring a vote of that body, or
does he just have the right to vote to break a
tie vote of the court?

"2. If he has the right to vote on all such
matters is he required to vote on each, or may he
just vote at his discretion when there is not a
tie vote?

"3. Is each County Commissioner required to
vote on all matters coming before the Court requir-
ing a vote, or does he have the right to refuse to
vote, or remain silent?

"4. If each County Commissioner is required
to vote on matters coming before the Court what is

the penalty for failing or refusing, to vote?"

Article 2342, Vernon's Annotated Civil Statutes, reads as follows:

"The several commissioners, together with the county judge, shall compose the 'Commissioners Court' and the county judge, when present, shall be the presiding officer of said court."

We quote from Texas Jurisprudence, Volume II, page 559 and 560 as follows:

"Any three members of the Commissioners Court, including the county judge, constitute a quorum for the transaction of any business except that of levying a county tax. That is to say, a quorum for the transaction of business is constituted by any three commissioners or by the county judge and any two commissioners. . . It is not necessary that the county judge be present and presiding in order that the Commissioners Court may transact its business; the statutes merely require that the county judge preside when he is present. . ." Article 2343, Vernon's Annotated Civil Statutes; Dalton v. Allen, 215 S. W. 439.

Section 18 of Article 5 of the Texas Constitution reads, in part, as follows:

". . . Each county shall in like manner be divided into four commissioners precincts, in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years until his successor shall be elected and qualified. The county commissioners so chosen, with the county judge, as presiding officer, shall compose the county commissioners court, which shall exercise such powers and jurisdiction over all county business as is conferred in this Constitution and the laws of the State, or as may be hereafter prescribed."

With reference to your first question, your attention is respectfully directed to our Opinion No. O-1716,

Honorable H. A. Hodges, Page 3

which holds that:

> "The county judge enjoys equal voting rights
> with all of the other members of the commissioners'
> court which will include the right to make or sec-
> ond any motion and the right to vote whether there
> be a tie among the votes of other members of the
> court or not."

We are enclosing a copy of the above mentioned Opin-
ion for your information and convenience. You will note, as
above stated, that the county judge has the right to vote on
all matters brought before the commissioners' court requiring
a vote of that body, which includes the right to make or sec-
ond any motion and the right to vote whether there be a tie
among the votes of the other members of the court or not.
The right of the county judge to vote on all matters brought
before the commissioners' court is not restricted to in-
stances to where there is a tie vote.

In reply to your second question, it appears from
all the authorities that we have examined, constitutional,
statutory, or judicial interpretations, the county judge is
not required or compelled to vote upon any matter brought be-
fore the commissioners' court, but has the right to vote or
refrain from voting as he may determine.

In answer to your third question as above stated,
any three members of the commissioners' court, including the
county judge, constitute a quorum for the transaction of any
business except that of levying a county tax. Therefore,
what has been said with reference to requiring or compelling
a county judge to vote on any matter before the commissioners'
court is equally applicable to any commissioner, and each com-
missioner may vote or refuse to vote on any question as he
shall determine.

In reply to your fourth question, you are advised
that a commissioner is not required or compelled to vote on
any matter coming before the court, and that a refusal to
vote on any such matter does not constitute a penal offense
of any nature.

Trusting that the foregoing fully answers your inquiries, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:BBB

APPROVED APR 8, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB